## Messner's Appeal.

The lien of a levy of a justice's execution continues for twenty days from date of the levy, notwithstanding an omission of the constable to return the execution and procure an alias at the expiration of thirty days from issue of the original.

(Decided October 5, 1885.)

Appeal from a decree of the Common Pleas of Warren County, directing distribution of proceeds of a sale under a justice's execution. Affirmed.

Wood & Thomas obtained a judgment in a justice's court against Donald McKay, and issued execution thereon December 21, 1883. The execution was levied by a constable, December 26, 1883. On January 15, 1884, the goods levied upon were sold under another execution sued out by T. S. Messner & Co. In the meantime the return day of the Wood & Thomas execution had passed, and the constable had failed to make return. Notwithstanding this, Wood and Thomas demanded to have their execution satisfied out of the proceeds of the sale; and the question was whether the lien of their execution continued good regardless of the failure to return it. The court below decided in the affirmative, and awarded to Wood & Thomas the amount of their judgment. Messner & Co. thereupon appealed to this court.

*Wilbur & Schnur,* for appellants. —By § 18 of the act of 1810 (Purdon's Digest, 266, pl. 16), a levy upon defendant's chattels "shall be a lien upon such chattels for twenty days after levying the same, and no longer."

---

Cited in Page v. Gardner, 1 Pa. Dist. R. 539, 11 Pa. Co. Ct. 577.

NOTE.—The lien of the constable's levy may be extended by the issuing of an alias, indorsed with the levy on the old execution within the twenty days during which the levy remains a lien. McGinnis v. Prieson, 85 Pa. 111. But the alias will not continue the lien, although issued during the lien of the original execution, where no reference is made to the original execution, and no levy is made under the alias, the property in the meantime being disposed of at sheriff's sale. Ebbert v. Allen, 1 Lanc. Bar, No. 22. Nor will the lien be continued if the alias is issued after the expiration of the original lien. Page v. Gardner, 1 Pa. Dist. R. 539, 11 Pa. Co. Ct. 577. The act of 1810 does not provide for the issuance of more than one alias. Stone v. Mahon, 4 C. P. Rep. 165.

By § 11 (Purdon's Digest, 265, pl. 15, 16), the constable when he receives an execution, "by virtue thereof shall, within the space of twenty days next following, expose the same [goods] to sale, . . . provided the lien created by such levy has not expired. But, should the lien be expired, the justice may issue an alias execution."

By act of March 28, 1820, § 4 (Purdon's Digest, 266, pl. 17), the time from which the lien is to date is fixed at the actual date of levy.

The effect of this act, together with § 18 of the act of 1810, would seem to extend the lien twenty days from the date of levy; but we contend the true construction is that the lien is only good twenty days from the date of execution. Amey v. Kennedy, 1 Ashm. (Pa.) 161.

The return day of the writ under the acts of 1810, as settled in the case of Lewis v. Jones, 1 Ashm. (Pa.) 54, is the twentieth day from the day of execution.

It is the duty of the constable to return his writ on that day, and, if retained beyond the return day, it is dead on his hands. Finn v. Com. 6 Pa. 462; Keller v. Clarke, 6 Watts & S. 535; Shover v. Funk, 5 Watts & S. 458.

When a constable makes a levy it is his duty to sell the goods on which the levy is made, and have the money at the return day of the execution, or show some reasonable cause in his return to excuse the noncompliance with the command of his writ. Hall v. Galbraith, 8 Watts, 221; Burkholder v. Keller, 2 Pa. 51.

*Allen & Higgins* and *D. I. Ball,* for appellees.—We contend that it makes no difference whether the writ is returned on the return day or not, as far as the effect upon the lien is concerned; that the lien remains for twenty days after the levy, no matter where or in whose hands the writ is. It is the levy that fixes the lien, and not the returning of the writ. Lewis v. Jones, 1 Ashm. (Pa.) 54; Corlies v. Stanbridge, 5 Rawle, 286; McGinnis v. Prieson, 85 Pa. 111.

PER CURIAM:

The lien created by virtue of the levy made by the constable on the execution in his hands, continued for twenty days. As the sale which produced the fund in contention was made within twenty days after that levy, the lien was not lost. Neither

the fact that the constable had not returned the execution and procured another on which to sell, nor the other fact that the sale was made on a fi. fa., changes the legal effect of the first levy. That was made by the constable, and the lien thereby acquired was not devested prior to the sale.

Decree affirmed and appeal dismissed, at the costs of the appellants.